UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA                         :
                                                 :          **ORDER**
v.                                               :
                                                 :          18 CR 291-7 (VB)
GABRIEL ORTIZ,                                   :
                                    Defendant.   :
--------------------------------------------------------------x

      Now pending is defendant Gabriel Ortiz's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. #305).  Ortiz asserts that his "extreme" family circumstances and the current COVID-19 pandemic warrant his early release.

      For the following reasons, the motion is DENIED.

      First, Ortiz's offense was exceptionally serious.  Over a two-year period, Ortiz participated in a transnational criminal organization that trafficked in guns and drugs.  The organization received resale quantities of heroin and other narcotics from Mexico, which Ortiz and his co-conspirators then re-distributed in the United States, including in and around Port Chester, New York.  Ortiz was a high-level participant in the organization, and was assisted by several lower-level members of the organization, including his wife.  Indeed, even after he was incarcerated on a separate drug charge in upstate New York, Ortiz continued to direct two of his co-conspirators to collect drug debts.

      Ortiz pleaded guilty to conspiring to distribute and possess with intent to distribute at least 100 grams of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and stipulated in a plea agreement that the offense actually involved between three and ten kilograms of heroin.  He had five prior convictions for, among other things, drug trafficking and a firearms charge.  As a result, he was classified as a "career offender" under the Sentencing Guidelines, and his advisory sentencing range was 188 to 235 months' imprisonment.

On February 5, 2020, after careful consideration of the nature and circumstances of the offense and the history and characteristics of the defendant, as well as all the 18 U.S.C. § 3553(a) factors, the Court sentenced Ortiz to a below-Guidelines sentence of 156 months' imprisonment, to be followed by four years of supervised release. In imposing sentence, the Court emphasized the serious nature of Ortiz's offense, including the fact that he continued to commit the offense while incarcerated, and that his prior convictions and prison sentences did not deter him from participating in this offense. The principal reason the Court imposed a sentence that was nearly three years below the bottom of the applicable Guidelines range was that he has three minor children, two of whom require significant medical and other services. Ortiz's wife—the mother of his three children—was also convicted in this case, and was sentenced to time served in large part because of the need to take care of the children. The Court found that Ortiz's sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

Ortiz has been detained since his arrest on May 2, 2018. To date, he has served approximately 32 months of his 156-month sentence, or approximately twenty percent of the sentence imposed.

Second, Ortiz has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief being sought—namely, early termination of a lawfully imposed prison sentence—taking into account the pandemic and his family circumstances. See 18 U.S.C. § 3582(c)(1)(A)(i). Ortiz is thirty-six years old. He is neither elderly nor infirm. Prior to sentencing, he told the probation department he suffered from seasonal allergies and eczema, but was otherwise in good physical and mental health. He is not at risk of serious complications if

he were to contract the virus.  And although the Court is sympathetic to his family circumstances, his children are being cared for by their mother (Ortiz's wife), and his ill mother is being cared for by her grandson.  It also bears noting that Ortiz was aware of his family members' acute needs and the importance of providing for them and being present in their lives when he chose, after being convicted on multiple occasions of drug and gun offenses, to continue pouring huge quantities of heroin into the community as part of a major drug-trafficking organization.[1]

Finally, as required by Section 3582(c)(1)(A), the Court has considered "the factors set forth in section 3553(a) to the extent that they are applicable."  The serious nature of Ortiz's offense and his lengthy criminal record warranted a lengthy prison sentence at the time it was imposed; nothing has changed to warrant cutting that sentence by nearly eighty percent.  Indeed, the sentence was designed to promote respect for the law and provide just punishment for the offense.  To so dramatically reduce the sentence in light of the current public health crisis and Ortiz's family circumstances—which were well known to the Court at the time of sentencing—would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law.  And shortening Ortiz's sentence would also undermine two other critical sentencing objectives in this case, the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.  These sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Ortiz's early release.

---

[1]     Ortiz also complains about his conditions of confinement while being held in a local jail.  Those concerns are now moot since Ortiz is now being held in a federal prison (FCI Ray Brook).

Accordingly, defendant Gabriel Ortiz's motion for a reduction of his term of imprisonment is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Gabriel Ortiz, Reg. No. 85652-054
FCI Ray Brook
Federal Correctional Institution
P.O. Box 900
Ray Brook, NY  12977

Dated: December 30, 2020
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge