UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GABRIEL ORTIZ,

               Movant,

      -against-

UNITED STATES OF AMERICA,

               Respondent.

---

22-CV-9833 (VB)

18-CR-291-7 (VB)

ORDER

VINCENT L. BRICCETTI, United States District Judge:

Movant Gabriel Ortiz filed a motion under the All Writs Act, 28 U.S.C. § 1651,

challenging his February 6, 2020 judgment of conviction.[1] Ortiz pleaded guilty to conspiracy to

distribute and possess with intention to distribute heroin, in violation of 21 U.S.C. §§ 846 and

841(b)(1)(B), and was sentenced to 156 months in prison and 4 years of supervised release. *See*

*United States v. Gabriel*, No. 18-CR-291-7, 255 (VB) (S.D.N.Y. Feb. 6, 2020).[2] Ortiz did not

appeal the conviction.[3] Ortiz now moves for resentencing "in light of plain error review,"

contesting the Court's application of the career offender designation to enhance his sentence.

(ECF 350).

---

[1] The motion is dated November 9, 2022, and was filed on November 14, 2022. Under the "prison mailbox rule," courts generally treat documents submitted by individuals who are incarcerated as deemed filed on the date that the individual delivers the document to prison authorities for mailing. *Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001). Where such a litigant does not include the date he delivered his documents to prison authorities, courts generally rely on the signature date as the date the documents were delivered. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing.").

[2] References to "ECF No. __" shall refer to documents filed in *United States v. Gabriel*, No. 18-CR-291-7 (VB) (S.D.N.Y. filed Apr. 17, 2018).

[3] On December 14, 2020, Plaintiff filed a motion for compassionate release, which the Court denied on December 30, 2020. (ECF Nos. 315, 319).

For the following reasons, the Court construes the submission as a motion under 28

U.S.C. § 2255 and directs Ortiz to show cause, by filing a declaration by January 20, 2023, why

his application should not be denied as time-barred.

## DISCUSSION

### A.    Construing the Motion as Under 28 U.S.C. § 2255

Ortiz's motion must be construed as a motion for relief under 28 U.S.C. § 2255 because

he seeks to vacate his federal criminal conviction. *See Jiminian v. Nash*, 245 F.3d 144, 146–47

(2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to

his conviction and sentence"). If Ortiz does not want to pursue relief under Section 2255, he may

notify the Court in writing by January 20, 2023, that he wishes to withdraw or amend the

application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155

F.3d 582, 584 (2d Cir. 1998) (*per curiam*). Ortiz should note that a criminal defendant generally

has only one opportunity within the limitations period for a full adjudication of his claims in a

Section 2255 motion. If Ortiz does not inform the Court of his intent by January 20, 2023, the

Court will treat the motion as one under 28 U.S.C. § 2255.

### B.    Applicable Statute of Limitations

If Ortiz proceeds with this motion pursuant to Section 2255, the Court directs Ortiz to

show cause why the motion should not be denied as time-barred. A federal prisoner seeking relief

under Section 2255 must generally file a motion within one year from the latest of four

benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-

created impediment to making such a motion is removed; (3) when the right asserted is initially

recognized by the Supreme Court, if it has been made retroactively available to cases on

collateral review; or (4) when the facts supporting the claim(s) could have been discovered

through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

2

Accordingly, Ortiz had one year from the date that his judgment of conviction became final to file a timely Section 2255 motion. *See* 28 U.S.C. § 2255(f)(1).

Here, Ortiz did not appeal his conviction and sentence, so the judgment of conviction became final when the 14-day period to file a notice of appeal expired on February 20, 2020. *See* Fed. R. App. P. 4(b)(1) (allowing 14 days to file notice of appeal from judgment of conviction); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"). Ortiz filed this action on November 9, 2022, about two years and nine months after the judgment became final, and therefore, after the one-year limitations period to file a Section 2255 motion expired.

Accordingly, if Ortiz chooses to pursue relief in this Section 2255 motion, he is directed to show cause by January 20, 2023, why his application should not be denied as time-barred. *See, e.g.*, *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for Section 2255 motions).

## CONCLUSION

Ortiz's motion is construed as a motion under 28 U.S.C. § 2255.

By January 20, 2023, Ortiz must either (i) notify the Court in writing that he wishes to amend or withdraw the motion, or (ii) file a declaration showing cause why the motion should not be dismissed as time-barred. For Ortiz's convenience, a declaration form is attached to this Order.

If Ortiz files a declaration within the time allowed, the Court will review it, and if proper, order that the motion be served on Respondent. If Ortiz fails to comply with this Order, or does not show good cause in writing why his failure to timely file his motion should be excused, the motion will be denied as time-barred. No answer is required from Respondent at this time.

3

Because Ortiz has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk is directed to mail a copy of this Order, as well as the attached declaration form, to Ortiz at the following address:

Gabriel Ortiz
#85620-054
FCI Ray Brook
P.O. Box 900
Ray Brook, NY 12977-0900.


SO ORDERED.

Dated:    November 21, 2022
          White Plains, New York

VINCENT L. BRICCETTI
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                              Signature

_____

Name                                            Prison Identification # (if incarcerated)

_____

Address                        City              State        Zip Code

_____

Telephone Number (if available)                 E-mail Address (if available)