UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
GABRIEL ORTIZ,
           Petitioner,

v.

UNITED STATES OF AMERICA,
           Respondent.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

22 CV 9833 (VB)
18 CR 291-7 (VB)

Briccetti, J.:

Petitioner Gabriel Ortiz, proceeding pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing, among other things, that he was improperly classified as a "career offender" under the U.S. Sentencing Guidelines, and that he should be resentenced without the career offender "enhancement."[1]

For the reasons set forth below, the motion is DENIED as untimely and the petition is DISMISSED.

## BACKGROUND

The papers in support of and in opposition to the motion, and the record of the underlying criminal proceedings, reflect the following:

Over a two-year period, Ortiz participated in a transnational criminal organization that trafficked in guns and drugs. The organization received resale quantities of heroin and other narcotics from Mexico, which Ortiz and his co-conspirators then re-distributed in the United States, including in and around Port Chester, New York. Ortiz was a high-level participant in the

---

[1] Ortiz's motion is styled "motion for resentencing in light of plain error review." The Court construed it as a Section 2255 motion and directed Ortiz to either (i) notify the Court that he wished to withdraw or amend the motion, or (ii) file a declaration showing cause why the motion should not be dismissed as time barred. Ortiz opted to file a declaration purporting to show cause why the motion should not be dismissed as time barred, and the government thereafter submitted a letter arguing the motion should be dismissed as time barred.

1

organization, and was assisted by several lower-level members of the organization, including his wife. Indeed, even after he was incarcerated on a separate drug charge in upstate New York, Ortiz continued to direct two of his co-conspirators to collect drug debts.

Ortiz pleaded guilty to conspiring to distribute and possess with intent to distribute at least 100 grams of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and stipulated in a plea agreement that the offense actually involved between three and ten kilograms of heroin. He had five prior convictions for, among other things, drug trafficking and a firearms charge. As a result (and as agreed to by Ortiz), he was classified as a "career offender" under the Sentencing Guidelines, and his advisory sentencing range was 188 to 235 months' imprisonment.

On February 5, 2020, the Court sentenced Ortiz to a below-Guidelines sentence of 156 months' imprisonment, to be followed by four years of supervised release.[2] In imposing sentence, the Court emphasized the serious nature of Ortiz's offense, including the fact that he continued to commit the offense while incarcerated, and that his prior convictions and prison sentences did not deter him from participating in this offense.[3] The Court found that Ortiz's sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

---

[2] At sentencing, the Court noted that had Ortiz not been classified as a career offender, his sentencing range would have been 140 to 175 months imprisonment, such that the sentence imposed—156 months—would have been within that range.

[3] The principal reason the Court imposed a sentence that was nearly three years below the bottom of the applicable Guidelines range was that Ortiz has three minor children, two of whom require significant medical and other services. Ortiz's wife—the mother of his three children—was also convicted in this case, and was sentenced to time served in large part because of the need to take care of the children.

At the conclusion of the sentencing hearing, the Court advised Ortiz that if he wished to appeal his sentence, he had to file a notice of appeal within fourteen days of the entry of judgment, either through his attorney or by requesting the clerk to do so.

The judgment of conviction was entered on February 6, 2020. Ortiz did not appeal.

More than two years later, on November 14, 2022, Ortiz filed the instant motion.

## DISCUSSION

The government contends Ortiz's Section 2255 motion is barred by the one-year statute of limitations in 28 U.S.C. § 2255(f).

The Court agrees.

A motion to vacate, correct or set aside a sentence must be filed within one year of the latest of four benchmark dates: when the judgment of conviction becomes final; when a government-created impediment to making such a motion (which impediment is in violation of the Constitution or federal law) is removed; when the right asserted is initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or when the facts supporting the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1) through (4). Moreover, equitable tolling may excuse an untimely Section 2255 motion, but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)); accord, United States v. Wright, 945 F.3d 677, 684 (2d Cir. 2019). Equitable tolling "applies only in rare and exceptional circumstances." Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

Here, Ortiz's conviction became final on February 20, 2020, when his time to file a notice of appeal expired. This is because Ortiz had fourteen days after the entry of judgment on February 6, 2020, to file a notice of appeal, see Fed. R. App. P. 4(b)(1)(A)(i), and an "unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Therefore, to be timely under Section 2255(f)(1), the instant Section 2255 motion would have had to have been filed by February 20, 2021. Because the motion was not filed until November 14, 2022, more than a year later, it was untimely under the plain terms of Section 2255(f)(1).

Ortiz does not contend that any of the other provisions of Section 2255(f) apply. Thus, his petition is timely only if its untimely filing is excused by equitable tolling. It is not.

First, Ortiz identifies no extraordinary circumstance that prevented him from filing a timely Section 2255 motion. Ortiz's generic references to the effects of COVID-19 and the attendant lockdowns caused by the virus are insufficient. A "petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown." Hines v. United States, 2021 WL 2456679, at *2 (S.D.N.Y. June 16, 2021); accord, Mosca v. United States, 602 F. Supp. 3d 344, 347 (E.D.N.Y. 2022) (disruption caused by COVID-19 pandemic insufficient, standing alone, to warrant equitable tolling). Indeed, the pandemic and restrictions imposed by prison officials certainly did not prevent prisoners from seeking relief in the courts, as "thousands of prisoners . . . were able to file motions for compassionate relief and other applications during the pandemic." Hines v. United States, 2021 WL 2456679, at *2.

Ortiz also argues that his "limited literacy" warrants equitable tolling. But that argument is devoid of details or evidentiary support, and is thus insufficient. See Samo v. Keyser, 305 F. Supp. 3d 551, 557 (S.D.N.Y. 2018), report and recommendation adopted, 2018 WL 4565143 (S.D.N.Y. Sept. 21, 2018). The Court notes Ortiz has had no difficulty making cogent submissions to the Court, both in connection with the instant motion and in support of a "compassionate release" motion he filed in November 2020. And even assuming Ortiz is of "limited literacy," that is insufficient to constitute an extraordinary circumstance preventing from filing a timely motion. See Samo v. Keyser, 305 F. Supp. 3d at 557 (lack of education and illiteracy not extraordinary circumstances).

In addition, Ortiz claims he told his trial attorney he wanted to appeal his sentence, and was not aware an appeal had not been filed,[4] but he fails to explain how that alleged failure was an extraordinary circumstance that prevented him from timely filing his Section 2255 motion.

Moreover, Ortiz has made no showing that he pursued his rights diligently throughout the period he seeks to toll. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). First, the claim that he "presented his filing to the Court, as soon as the information was presented to him" (Ortiz Decl. at 2) does not constitute diligence because waiting for information is not the same as pursuing one's rights diligently.

---

[4] The Court finds particularly dubious the claim that Ortiz's trial attorney, Susan C. Wolfe, Esq., a member of this district's Criminal Justice Act panel, failed to file a notice of appeal, despite being requested to do so, given the Court's personal knowledge, gleaned over many years, of Ms. Wolfe's professionalism and dedication to her clients' interests, as well as the fact that Ms. Wolfe competently and diligently represented Ortiz in this case over the nearly two years prior to and including sentencing. Moreover, in the plea agreement, Ortiz waived his right to appeal any sentence within or below the stipulated Guidelines range, 188 to 235 months' imprisonment, and his sentence—156 months—was well below that range.

Second, Ortiz's bald assertion that his attorney failed to respond to his correspondence and requests does not suffice to establish diligence. He says he tried to contact his attorney, who did not respond to his correspondence or return his telephone calls. But he has provided no evidentiary basis to support these assertions, which is fatal to his claim. See Samo v. Keyser, 305 F. Supp. 3d at 557 (petitioner failed to supply documentary evidence of attorney's purported behavior); Collins v. Artus, 496 F. Supp. 2d 305, 313 (S.D.N.Y. 2007) (petitioner must support allegations with evidence, not merely personal conclusions). For example, he does not claim, nor has he presented any proof, that he contacted his attorney or the Court in the more than two years between the entry of judgment and the filing of the instant motion to find out the status of an appeal. Nor has Ortiz shown any causal connection between, on the one hand, his attorney's purported failure to file a notice of appeal within fourteen days after the entry of judgment or respond to Ortiz's requests for information, and, on the other hand, Ortiz's failure to file a Section 2255 motion within one year thereafter. Put another way, Ortiz's failure to pursue his rights diligently after realizing his attorney was allegedly ignoring his correspondence and requests breaks any causal link between the supposed extraordinary circumstance of his attorney's conduct and Ortiz's failure to timely file a Section 2255 motion.

In short, Ortiz has failed to establish he is entitled to equitable tolling, and his petition must therefore be dismissed as untimely.

## CONCLUSION

Petitioner Gabriel Ortiz's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

As petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to close case no. 22 CV 9833.

The Clerk is further instructed to mail a copy of this memorandum opinion and order to petitioner at the following address, and to update the docket in case no. 22 CV 9833 with the following address:

> Gabriel Ortiz, Reg. No. 85652-054
> FCI Fort Dix
> Federal Correctional Institution
> P.O. Box 2000
> Joint Base MDL, NJ  08640

Dated:  June 23, 2023
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge